1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NELSON V. RODRIGUEZ AND MAYRA RODRIGUEZ, | ) ) ) | 1:09-cv-218 LJO GSA |
| | ) ) | ORDER DISMISSING ACTION WITH LEAVE TO AMEND |
| Plaintiffs, | ) ) | |
| v. | ) ) | AMENDED COMPLAINT DUE IN 20 DAYS |
| | ) ) | |
| AURORA LOANS | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## BACKGROUND

Plaintiffs Nelson Rodriguez and Mayra Rodriquez ("Plaintiffs"), who are proceeding in pro se, have filed a complaint.  They name Aurora  Loans ("Defendant") as a defendant. Although it is not entirely clear, Plaintiffs are alleging that Defendant failed to disclose information regarding the terms of their mortgage agreement on property located at 3694 N. Greenwood Avenue, Sanger, California ("the subject property").  It appears that Plaintiffs may be facing foreclosure or eviction from their home and are seeking injunctive and monetary relief. Plaintiffs have alleged fraud, usury, abuse of process, intentional infliction of emotional distress, trespass, and an application to enjoin eviction as causes of action.

A. Screening Standard

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).   Such

1   dismissal may be made without notice where the claimant cannot possibly win relief." Omar v.

2   Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); see Wong v. Bell, 642 F.2d 359, 361-

3   362 (9th Cir. 1981).

4        A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears

5   beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would

6   entitle him to relief. See, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.

7   Gibson, 355 U.S. 41, 45-46 (1957)); See also, Palmer v. Roosevelt Lake Log Owners Ass'n, 651

8   F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint,

9   before the reception of any evidence either by affidavit or admissions, its task is necessarily a

10  limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

11  is entitled to offer evidence to support claims." Scheurer v. Rhodes, 416 U.S. 232, 94 S.Ct.

12  1683, 1688 (1974); Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

13                                    **Subject Matter Jurisdiction**

14        "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark,*

15  *714 F.2d 77, 78 (9th Cir. 1983);* Fed. R. Civ. P. 12(h)(3) (court must dismiss action whenever it

16  determines that it lacks subject-matter jurisdiction).  Federal courts are courts of limited

17  jurisdiction and lack inherent or general subject matter jurisdiction.  Federal courts can

18  adjudicate only those cases in which the United States Constitution and Congress authorize them

19  to adjudicate which  are essentially those cases involving diversity of citizenship (in which the

20  matter in controversy exceeds the sum or value of $75,000 and is between citizens of different

21  states), or a federal question, or to which the United States is a party.  28 U.S.C. §§ 1331 and

22  1332; See also, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994);

23  Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts are

24  presumptively without jurisdiction over civil actions, and the burden to establish the contrary

25  rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; 114 S.Ct. at 1677.  Lack

26  of subject matter jurisdiction is never waived and may be raised by the court sua sponte.

27  Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-595 (9th Cir. 1996).

28  "Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is what its

1   power rests upon.  Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th

2   Cir. 1988).

3         B.     Plaintiffs' Allegations

4         Plaintiffs' complaint is very unclear and disjointed.  However, it appears Plaintiffs are

5   alleging that Defendant failed to disclose certain material facts and made various

6   misrepresentations regarding the terms of a mortgage agreement they signed regarding the

7   subject property.  Plaintiffs allege that Defendant's actions violated the fiduciary duty Defendant

8   owed to Plaintiffs.  Plaintiffs appear to be concerned that Defendants will foreclose on the

9   subject property and have requested that the court enjoin Defendant from initiating eviction

10  proceedings against Plaintiffs.   In addition, Plaintiffs are requesting $ 2,000,000.00 in special

11  damages, $ 2,000,000.00 in general damages, costs and fees.

12        C.     Analysis

13        1.     *Rule 8(a) and Jurisdiction*

14        Although Plaintiffs allege six causes of action, none of the causes of action are within this

15  court's jurisdiction.  Plaintiffs makes references to the Uniform Commercial Code ("UCC"), and

16  allege that there are federal questions involving federal securities laws and fair debt collection

17  practices in this case.  However, the complaint fails to clearly articulate what the facts are, and

18  how these facts establish federal question jurisdiction.  In fact,  Plaintiffs' allegations in the

19  complaint are very unclear.  For example, Plaintiffs allege as follows :

20
21       The Defendant, and all of them, including Doe Defendants 1 to 10 inclusive did
    not disclose to the Plaintiffs that their promissory note was the instrument used to
    secure the credit to purchase the home, and that the bank actually got paid up front
22  on the home using the Plaintiff(s) [sic] purchasing, and them immediately sold the
    Promissory Note, and got paid on it again, without disclosing these facts to
23  Plaintiff(s) [sic], and then charged interest on credit created by the Promissory
    Note, including Doe Defendants 1 to 10 inclusive...
24  Complaint at pg. 4, ¶ 19.

25       F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

26          (a) Claims for Relief.  A pleading which sets forth a claim for relief . . .
    shall contain (1) a short and plain statement of the grounds upon which the court's
    jurisdiction depends, unless the court already has jurisdiction and the claim needs
27  no new grounds of jurisdiction to support it, (2) a short plain statement of the
    claim showing that the pleader is entitled to relief, and (3) a demand for judgment
28  for the relief the pleader seeks.

1      . . .

2      (e)     Pleading to be Concise and Direct; Consistency.

3      (1)     Each averment of a pleading shall be simple, concise and direct.

4     As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

5 The rule expresses the principle of notice-pleading, whereby the pleader need only give the

6 opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a)

7 does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial,

8 but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is

9 and the grounds upon which it rests." Id. at 47. Plaintiffs must comply with Rule 8 and

10 establish that jurisdiction is properly conferred upon this court in order for this case to proceed.

11     *2)*     *42 USC § 1983 Claims*

12     Although not specifically alleged as a cause of action, Plaintiffs have made a reference to

13 42 U.S.C. § 1983 stating that the statute authorizes injunctions against state court proceedings

14 where fundamental civil rights and various constitutional violations have occurred. Complaint at

15 pg. 8, ¶ 36. Plaintiffs have misstated the law.

16     To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

17 under color of state law, and (2) the defendant deprived him of rights secured by the Constitution

18 or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). It does not

19 appear that Plaintiff can state a civil rights claim under section 1983 against Defendant since it is

20 not a state actor. Furthermore, this court does not have jurisdiction to authorize injunctive relief

21 in state court proceedings. To the contrary, federal courts lack jurisdiction to review or modify

22 state court judgments under the *Rooker-Feldman* doctrine. See Rooker v. Fidelity Trust

23 Company, 263 U.S. 413, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman,

24 460 U.S. 462, 482, 103 S.Ct. 1303 (1983).

25     C.     Conclusion

26     Plaintiffs' complaint is deficient for the reasons stated above. However, the court will

27 allow Plaintiffs the opportunity to cure the deficiencies and amend the complaint.

28 Plaintiffs are advised that an amended complaint needs to be clear and concise and establish

jurisdiction is proper.  Moreover, the amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

## ORDER

It is HEREBY ordered as follows :

1)  For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND;

2)  Plaintiffs' amended complaint is due within twenty (20) days of the date of service of this order.  If Plaintiffs fail to file an amended complaint, the court will recommend that this action be dismissed for failure to follow a court order;

3) In light of the above, the summons issued on February 5, 2009 (Doc. 3) is STRICKEN and is no longer valid.  Plaintiffs shall not serve Defendant with this summons if they have not already done so.  Defendant shall disregard the summons if service has been effectuated; and

4) The court VACATES the scheduling conference set for May 7, 2009 at 9:00 am in Courtroom 10 (Doc. 4).  Another scheduling conference will be scheduled if it is determined that this case will proceed.

IT IS SO ORDERED.

**Dated:   February 9, 2009**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE