IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NELSON V. RODRIGUEZ AND MAYRA RODRIGUEZ, | ) ) ) ) ) ) ) ) ) ) ) ) | 1:09-cv-218 LJO GSA |
| Plaintiffs, | | ORDER TO SHOW CAUSE |
| v. | | |
| AURORA LOANS | | |
| Defendants. | | |

This case was set for an Initial Scheduling Conference on October 19, 2009, at 9:30 a.m. in Department 10 of this Court. Plaintiffs, Nelson and Mayra Rodriguez ("Plaintiffs) failed to appear. Counsel for the Defendant, Aurora Loans, was not present because it appears the Defendant has not been properly served.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46

1

F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Plaintiffs are ORDERED to personally appear at the hearing on this Order scheduled for Thursday, **November 19, 2009, at 10:30 a.m. in Department 10** of this Court, to show cause, if any, why the action should not be dismissed for a failure to prosecute in a timely manner.

Failure to respond to this Order to Show Cause within the time specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **October 19, 2009**       /s/ **Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE

2